UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

BRETT E. DIRR, )
)
    Petitioner, )
)
v. ) No. 3:06-MC-17
) (Phillips)
UNITED STATES, *et al.*, )
)
    Respondents )

## MEMORANDUM OPINION

On May 2, 2006, Brett E. Dirr filed a petition to quash summonses issued by the Internal Revenue Service (IRS) to First Tennessee Bank and to SunTrust Bank [Doc. 1]. The United States has responded in opposition and has moved to dismiss Dirr's petition [Doc. 8]. For the reasons which follow, the government's motion will be granted.

According to the government's memorandum filed in support of its motion, Dirr is the subject of an on-going criminal investigation by the IRS relating to his failure to file tax returns. As part of its criminal investigation, a special agent of the IRS issued summonses to First Tennessee Bank and to SunTrust Bank. Consequently, Dirr filed the pending petition to quash the summonses.

26 U.S.C. § 7602 provides:

For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the

liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized -

(1) To examine any books, papers, records, or other data which may be relevant or material to such inquiry;

(2) To summon the person liable for tax or required to perform the act, or any officer or employee of such person, or any person having possession, custody, or care of books of account containing entries relating to the business of the person liable for tax or required to perform the act, or any other person the Secretary or his delegate may deem proper, to appear before the Secretary or his delegate at a time and place named in the summons and to produce such books, papers, records, or other data, and to give such testimony, under oath, as may be relevant or material to such injury; and

(3) To take such testimony of the person concerned, under oath, as may be relevant or material to such inquiry.

In *Powell v. United States,* 379 U.S. 48 (1964), the Supreme Court set out the following factors for determining whether administrative summons are valid. The Court stated that the Commissioner must "show that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the Code have been followed - in particular, that the Secretary or his delegate, after investigation, has determined the further examination to be necessary and has notified the taxpayer in writing to that effect." *Id.* at 57-58. Here, the record reflects that the *Powell* factors are satisfied.

First, In furtherance of his investigation of Dirr and under 26 U.S.C. § 7602, on April 28, 2006, Special Agent Brian Grove issued and directed the service of administrative summonses upon First Tennessee Bank and SunTrust Bank. The summonses directed First Tennessee and SunTrust to give testimony and to produce for examination certain books, papers, records or other data described in the summonses. A description of the types of books, papers, records and other data sought is included in the summonses, and they specifically request all accounts open or closed held by Brett Dirr and/or Renee Dirr for the year 2005.

Second, the books, records, papers or other data that are sought by the summonses are not already in the possession of the IRS. Substantially all administrative steps required by the IRS for issuance of the summonses have been followed. The IRS admits that Renee Dirr, co-owner of the First Tennessee and SunTrust accounts, was not given separate notice of the summonses. However, the record shows that Renee Dirr signed the certified mail receipt for the summonses, and therefore, had notice. The testimony and examination of the books, records, papers or other data sought by the summonses is necessary in order to determine whether Dirr has committed any offense under the Internal Revenue Code. Last, the record shows that the IRS has not made a recommendation to the Department of Justice for a grand jury investigation or for the criminal prosecution of Dirr for the tax years under investigation.

It appears to the court that the IRS has met the requirements of 26 U.S.C. § 7602 as well as the *Powell* factors. Accordingly, the government's motion to dismiss the petition to quash IRS summonses will be **GRANTED.**

**ENTER:**

      s/ Thomas W. Phillips
United States District Judge